## STATE *vs.* H. A. PAGE.

### Androscoggin, 1876.—October 5, 1876.

*Intoxicating liquors.*

One may be indicted and convicted for a nuisance in selling cider and wine made from fruit grown in this state, for tippling purposes, provided the jury find they are intoxicating liquors.

ON EXCEPTIONS.

INDICTMENT, for keeping a liquor nuisance. The defendant was called as a witness in his own behalf, and testified that he kept a saloon on Lisbon street in Lewiston, and that he sold cider and wine by the glass to be drunk on the premises, and stated that the wine was known as Mains' wine, and was made from fruit grown in this state.

The jury found the defendant guilty.

The presiding judge ruled that, notwithstanding the provisions of R. S., c. 27, do not extend to the manufacture and sale of unadulterated cider, nor to wine made from fruit grown in this state, still, under the act of 1873, c. 152, which declares that "the provisions of R. S., c. 17, entitled 'nuisances,' shall apply to any house, shop or place, where intoxicating liquors are sold for tippling purposes," one may be indicted for and convicted of keeping or maintaining a nuisance, although no other kinds of liquors are sold than cider and wine made from fruit grown in this state ; provided such liquors are intoxicating, and are sold for tippling purposes.

To the foregoing ruling, the defendant excepted.

*L. H. Hutchinson & A. R. Savage,* for the defendant.

The defendant sold only such articles as were expressly excepted by R. S., c. 27, § 25.

Chapters 150 and 152, of the acts of 1873, the former reviving R. S., c. 27, § 25, and the latter extending the provisions of c. 17, to any house, shop or place where intoxicating liquors are sold for tippling purposes, approved on the same day, must be in conflict if this defendant can be held.

*W. H. White,* county attorney, for the state.

APPLETON, C. J. The defendant is indicted for a nuisance, by selling intoxicating liquors for tippling purposes.

Chapter twenty-seven of the revision of 1871, relates entirely to the subject of intoxicating liquors.

By § 25, it is enacted that "the provisions of this chapter shall not extend to the manufacture and sale of unadulterated cider in any case, nor to wine made from fruit grown in this state, nor to the sale by agents appointed under the provisions of this act, of pure wine for sacramental and medicinal uses."

It is obvious therefore that the seller "of unadulterated cider," and of "wine made from fruit grown in this state," is not amenable to the penalties provided by R. S., c. 25. He cannot be punished for a single sale. He cannot be indicted as a common seller. He has not violated any of the provisions of this chapter.

But the defendant is not indicted for the violation of any of the provisions of chapter twenty-five. He is indicted under the act of 1873, c. 152, by which it is provided that "the provisions of chapter seventeen of the revised statutes entitled 'nuisances,' shall apply to any house, shop or place where intoxicating liquors are sold for tippling purposes."

Under this act one may be indicted for a nuisance for selling cider and wine made from fruit grown in this state for tippling purposes, provided they are intoxicating liquors. Whether they are such it is for the jury to determine. If they are, the seller is manifestly within the statute.

The act under which the defendant was indicted is subsequent to the revision of the statutes. It must be construed by its own language. Liquors, exempted from the provisions of R. S., c. 27, are not therefore, necessarily exempted from those of the act of 1873, c. 152. That act embraces all liquors which are intoxicating and sold for tippling purposes. It has no exceptions or exemptions. The ruling of the presiding justice was in strict conformity with the law. *Exceptions overruled.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.